O’Neall J.
delivered the opinion of the Court. a
v It appears that the return of the defendant, who is (as I understand) the garnishee in the case of Robt. Martin v. Caspar Parham, was filed under an order the Court on the 16th of Oct. 1830. Since that tithe until the last Term at Union, March 1833, no other proceedings have been had in the cause. The plain *214 tiff in attachment had obtained judgment against the absent debtor, before the return of the garnishee was filed. The presiding judge allowed a motion to file a suggestion to dispute the correctness of the return of the garnishee, although more than a year and a day elapsed from the time of filing: and the only in the case is, as to the correctness of that . CIGC1S10I1.
The act of the legislature, after directing the manner hi which a garnishee shall be summoned, and the time and manner of his return, and providing for the of his default, provides, “butif the person or persons so summoned shall appear at the return of the said writ, and lay claim to the said monies, chattels or other things, and upon oath deny the same to belong to the absent debtor, or that he hath'any monies, goods, chattels, debts or books of accompt, belonging to the absent debtor, if theplain-tiff shall rest satisfied therewith, then the said attachment shall be discharged, but if not, then the claim-an£ or claimants, or person or persons so summoned as aforesaid, shall be put to plead the same, and the matter shall be tried by a jury forthwith, or at such other Court and time as shall be appointed by the said justices.”
Upon the filing of the return of the garnishee denying that he had any monies, goods, chattels, debts or books of accompt, belonging to the absent debtor, the attachment as to him is by law discharged, unless the plaintiff thinks proper to question its correctness. How, and when, the plaintiff ought to express his dissatisfaction with the return, are the questions now to be decided. The uniform practice under this branch of the attachment law, has been that the plaintiff should file a suggestion disputing the correctness of the return of the garnishee, upon which an issue is. made up either in law or fact, and tried as other similar issues. This it seems to me, is a practice well sustained by the act; for there occurs to me no other possible mode by. which the plaintiff could express hisdissatisfaction with the garnishee’s return, and put *215 him to plead as to its correctness. The issue to be made up by, and tried between, the plaintiff’ in attachment and the garnishee, is collateral to the record and issue between the plaintiff and defendant in attachment: and like all other matters collateral to the issue, but necessary to be decided upon a case to be made upon paper, a suggestion is the proper mode of informing the Court as to the facts upon which its judgment is demanded. From the words of the act, it would seem that this suggestion may be filed immediately upon the return being filed, and the garnishee put to plead and try the same forthwith. The Court may in the exercise of a discretion which the act confers upon it in this respect, appoint a future Term for the trial of the cause. If at the filing of the return, a motion is made to discharge the attachment as to the garnishee, the plaintiff in attachment must then make his objection to the return and file his suggestion, or he would be concluded from doing so at any future time. If however (as is usual) the return is filedj and the garnishee predicates no motion upon it, then I apprehend that the plaintiff may at any time before the succeeding Term, file as of . course his suggestion, and after that Term, he would upon cause shewn, and by leave of the Court be at liberty to file it at any time within a year and a day from the Term at which the garnishee’s return was filed.. A Term in law is regarded as one day, and to inspect and contest the return, the plaintiff must generally be allowed a day beyond it. He cannot be regarded as resting satisfied with a return, which may not be filed until the last moment of the Term, by not filing his suggestion during the Term. It is reasonable to put the practice in this respect upon the footing of the practice of declaring on writs. But I think it cannot be extended beyond it. All judicial proceedings which are not moved for a year and a day, are regarded as out of Court. And there can be no propriety in affording to a plaintiff in attachment a longer time to make his objection to the return of the garnishee. Within this time he may obtain his judgment in attachment, and if within the *216 same time, the collateral issue against the garnishee not commenced to be made up, by the filing of the suggestion, there can be no propriety in allowing it af-terwards to be' done.
Hawkins, for the motion.
Herndon, contra.
The motion to reverse. the decision of the Judge below is granted.
Johnson J. concurred.
Harper J. absent.